# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WADE A. TURPIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV1869 TCM/SNL |
| ) | |
| ELIZABETH TURPIN and ) | |
| GAIL TURPIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC") in Farmington, Missouri, seeks monetary relief[1] in this action brought pursuant to, in his words, the "Fourteenth Amendment, U.S. Constitution...Civil Rights and Privileges the Plaintiff is entitled to." The named defendants are Elizabeth Turpin and Gail Turpin, presumably relatives of plaintiff, who he claims are citizens of the State of Pennsylvania.

---

[1]Plaintiff appears to be requesting $80,000 from each of the defendants in this action, as a result of his purported "mental anguish, his [loss] of reputation, and [because] his right to privacy was violated."

Plaintiff asserts that in August of 2007, an employee of the MSOTC received a phone call from defendants, whereupon defendants stated that plaintiff had sent them a letter saying that he was going to murder them. Plaintiff claims that defendants also told employees at the MSOTC that they had been sexually abused by plaintiff. Plaintiff asserts that defendants' allegations were false. Liberally construing the facts in plaintiff's complaint, plaintiff is alleging the he was defamed by defendants and that this purported unlawful act caused him to incur additional disciplinary measures at the MSOTC, mental anguish, as well as a loss of reputation. Plaintiff also claims that defendants interfered with his "right to privacy."

## Discussion

At the outset, the Court notes that although plaintiff has identified the jurisdictional grounds for filing this action in federal court as arising under the "Fourteenth Amendment, U.S. Constitution...Civil Rights and Privileges the Plaintiff is entitled to," the factual basis for his claims sound in Missouri state tort law. Accordingly, to the extent that plaintiff is attempting to bring a 42 U.S.C. § 1983 action for the violation of his constitutional rights, the action must fail because defendants are not alleged, nor do they appear, to be state actors, and thus, there can be no cause of action against them under 42 U.S.C. § 1983. See, e.g., Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). Similarly, because the allegations against

defendants do not arise under the Constitution, laws, or treaties of the United States, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Given plaintiff's allegations, the Court will liberally construe the complaint as being brought under 28 U.S.C. § 1332. Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of subject matter jurisdiction. Although plaintiff has alleged that the amount in controversy exceeds $75,000, he has insufficiently plead diversity of citizenship. Plaintiff asserts that defendants are both residents of the State of Pennsylvania, but he has not identified his own state of citizenship. Although Plaintiff has alleged that he is civilly committed in Farmington, Missouri, he has not alleged that he is a citizen of the State of Missouri. Simply put, an allegation of residence does not suffice as an allegation of citizenship for purposes of federal jurisdiction. Cf. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977) (prisoner's citizenship unaffected by incarceration in different state); White v. Fawcett Publications, 324 F.Supp. 403, 404 (W.D. Mo. 1971) (finding that an application to proceed in forma pauperis alleging only that plaintiff was imprisoned in Missouri was insufficient to allege diversity).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks subject matter jurisdiction over this action and/or because the complaint is legally frivolous or fails to state a claim upon which relief can be granted. An appropriate order of dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, motion for leave to file miscellaneous pleadings and motion for issuance of subpoena's [Docs. #4, #5 and #6] are **DENIED** as moot.

Dated this 30th day of November, 2007.

*/s/ Stephen N. Limbaugh*
SENIOR UNITED STATES DISTRICT JUDGE